UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Case No. 08-30004-DDO
Chapter 7

In Re:

Richard M. Rollins,

       Debtor.

## NOTICE OF HEARING AND MOTION FOR RELIEF FROM STAY

TO:    Debtor Richard M. Rollins; his attorney Perry A. Berg; United States Trustee; and all other entities specified in Local Rule 1204 (a):

    1.    GMAC, a secured creditor in this Chapter 13 proceeding, by and through duly authorized and undersigned attorneys, moves the Court for the relief requested below, and gives notice of hearing.

    2.    The Court will hold a hearing on this motion on March 5, 2008, at 1:30 p.m., before the Honorable Dennis D. O'Brien, United States Bankruptcy Judge, in Courtroom No. 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

    3.    Any response to this motion must be filed and delivered not later than February 29, 2008, which is three days before the time set for the hearing (excluding Saturdays, Sundays and holidays), or filed and served by mail no later than February 25, 2008, which is seven days before the time set for the hearing (excluding Saturdays, Sundays and holidays).

UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, and Local Rule 1070-1. This is a core proceeding. The petition commencing this Chapter 13 case was filed on January 2, 2008. The case is now pending in this Court.

5. This motion arises under 11 U.S.C. § 362 and Bankruptcy Rule 4001. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 5005-4, 9006-1, 9013-1 and 9017-1. GMAC requests relief from the automatic stay under § 362 of the Bankruptcy Code to foreclose its interest in certain personal property owned by GMAC as defined below.

6. GMAC owns and leased to Debtor a 2006 Chevrolet Cobalt, VIN# 1G1AK55F967745007 (the vehicle). On December 29, 2005, the debtor, Richard Rollins, executed a lease agreement, payments totaling $10,657.99, payable according to the terms and conditions therein, a copy of which is attached hereto as **Exhibit "A"**. The title evidencing the ownership interest of GMAC in a 2006 Chevrolet Cobalt, VIN: 1G1AK55F967745007 is attached hereto as **Exhibit "B"**.

7. As of January 2, 2008, the amount due was a payoff / buyout balance of $12,563.21. The debtor, Richard M. Rollins, intends to surrender possession of the vehicle to GMAC. On information and belief, the value of the vehicle is $11,225.00 and the debtor has no equity in the vehicle.

8. The debtor intends to voluntarily surrender possession of the vehicle to GMAC. GMAC seeks relief from the automatic stay to foreclose its personal property interest in the vehicle.

9. Pursuant to 11 U.S.C. § 362(d)(1), a creditor may be granted relief from the automatic stay for cause, including lack of adequate protection. GMAC believes that cause exists to grant it relief from the automatic stay to foreclose its personal property security interest, for the following reasons:

    a. GMAC has not been offered and is not being provided with adequate protection for its interest in the vehicle;

    b. The vehicle subject to the security interest of GMAC continues to depreciate and decline in value;

    c. GMAC has been unable to verify current proof of insurance on the vehicle; and

    d. The debtor has stopped making payments to GMAC, and intends to surrender the vehicle to GMAC.

10. Pursuant to 11 U.S.C. § 362(d)(2), a creditor may be granted relief from the automatic stay, if there is no equity in the property which is the subject of the motion, and property is not necessary for an effective reorganization. Here, the debtor has no equity in the vehicle that is the subject of this motion, and the vehicle is not necessary for an effective reorganization in this Chapter 13 proceeding.

11. GMAC requests that any order modifying the automatic stay be effective immediately as allowed under Federal Bankruptcy Rule 4001(a)(3).

12. If any testimony is necessary on any of the facts relative to this motion, testimony will be given by C. Kost, or some other representative of the Movant, GMAC, whose address is P.O. Box 130424 Roseville, MN 55113.

13. This notice of motion and motion also serves as notice of default as may be required by <u>Cobb v. Midwest Recovery Bureau Co.</u>, 295 N.W.2d 232 (Minn. 1980). If the default is not cured before the hearing GMAC will repossess the Vehicle promptly upon the Court signing the Order.

14. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

WHEREFORE, GMAC respectfully moves the Court for an order (i) modifying the automatic stay of 11 U.S.C. §362 so as to permit GMAC to terminate the Lease, take possession and dispose of the vehicle in accordance with Minnesota law, (ii) finding that Bankruptcy Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not applicable and (iii) granting such other relief as may be just and equitable.

Dated: February 8, 2008

RIEZMAN BERGER, P.C.

 /e/ **Marilyn J. Washburn**
Marilyn J. Washburn, #0324140
7700 Bonhomme Ave., 7th Floor
St. Louis, MO 63105
(314) 727-0101
FAX (314) 727-1086
Attorneys for GMAC

GMAC
P.O. Box 130424
Roseville, MN  55113

Lessee: RICHARD M ROLLINS
Co-Lessee (if any):
Vehicle Description: N06 CHEVCOBALT  VIN/HIN: 1G1AK55F967745007

## LOST CONTRACT AFFIDAVIT

I, C. Kost, am a Bankruptcy Specialist responsible for the administration of bankruptcy accounts on behalf of GMAC and have personal knowledge of the facts set forth in this affidavit.

A review of GMAC's books and records reflect that on 12/29/2005 RICHARD M ROLLINS (hereinafter "Customer") entered into SmartLease Agreement (hereinafter "Lease") with GMAC for the lease of a 2006 Chevrolet Cobalt LS VIN: 1G1AK55F967745007 (hereinafter "Vehicle") owned by GMAC.

Pursuant to the terms of the Lease, Customer agreed to make 48 monthly periodic payments of $217.51 commencing on 12/29/2005 or until all obligations under the Lease were satisfied. The Lease also requires the Customer maintain Liability and Physical Damage Insurance on the Vehicle. Liability Insurance must cover a minimum of $50,000 for property damage; $100,000 for bodily injuries to any one person; and $300,000 for bodily injuries and property damage for any one accident.

The scheduled lease end date is/was 12/28/2009 and the Customer has/had the option to purchase the Vehicle at the end of the lease term for $7,972.30. The Lease also requires the Customer to pay $0.20 per mile in excess of 48010 miles as well as reimburse GMAC for any excess wear and tear on the Vehicle.

A diligent search has been conducted by GMAC as well as any agent, subsidiary, and/or vendor responsible for the maintenance and storage of original leases executed in favor of GMAC, and the subject Lease is presently lost and/or unavailable. An amount remains outstanding under the Lease and GMAC is entitled to payment of said amount.

Dated: January 30, 2008

GMAC

By: _C. Kost_
C. Kost

Subscribed and sworn to before me on
January 30, 2008.

_____
Notary

[Notary stamp]

EXHIBIT
A

# STATE OF MINNESOTA
## CERTIFICATE OF TITLE FOR A MOTOR VEHICLE

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | MODEL/BODY | TITLE NUMBER |
|---|---|---|---|---|
| 1G1AK55F967745007 | 06 | CHEV | 4D BLS | M1640U144 |

| DATE ISSUED | ODOMETER | TAX BASE | CODE | PLATE NUMBER | CENTRAL OFFICE USE ONLY |
|---|---|---|---|---|---|
| 06/13/06 | 10 | 014490 | 09 | RHT197 EXP 12 | |

**FIRST SECURED PARTY**   DOB
12/29/05

GMAC

PO BOX 8118
COCKEYSVILLE MD 21030

**OWNER**
VAUL TRUST

PO BOX 8122
COCKEYSVILLE MD 21030-8122

TOTAL LIENS 1

Z

---

ASSIGNMENT OF OWNERSHIP — BUYER(S) MUST COMPLETE THE APPLICATION ON THE BACK

ODOMETER DISCLOSURE STATEMENT, I (WE) CERTIFY THAT THE ODOMETER
NOW READS _____ (NO TENTHS) MILES AND TO THE
BEST OF MY KNOWLEDGE THE ODOMETER MILEAGE IS.
[ ] ACTUAL MILEAGE
[ ] EXCEEDS MECHANICAL LIMITS OF ODOMETER
[ ] NOT ACTUAL MILEAGE — WARNING ODOMETER DISCREPANCY

DAMAGE DISCLOSURE STATEMENT TO THE BEST OF MY KNOWLEDGE, THIS VEHICLE
[ ] HAS  [ ] HAS NOT (CHECK ONE) SUSTAINED DAMAGE, EXCLUSIVE OF ANY COSTS TO REPAIR,
REPLACE, OR REINSTALL AIR BAGS AND OTHER COMPONENTS THAT WERE REPLACED DUE TO
DEPLOYMENT OF AIR BAGS, IN EXCESS OF 70% ACTUAL CASH VALUE
POLLUTION SYSTEM DISCLOSURE STATEMENT TO THE BEST OF MY KNOWLEDGE THE POLLUTION
CONTROL SYSTEM ON THIS VEHICLE INCLUDING THE RESTRICTED GASOLINE PIPE
[ ] HAS  [ ] HAS NOT (CHECK ONE) BEEN REMOVED, ALTERED OR RENDERED INOPERATIVE
Assignment I (we) certify that this vehicle is free from all security interests, warrant title, and assign the
registration tax and vehicle to.

SELLER'S PRINTED NAME(S) _____   DATE OF SALE __/__/__   BUYER'S PRINTED NAME(S) _____

SELLER'S ADDRESS _____   DEALER LICENSE # __X__   BUYER'S ADDRESS _____

SELLER'S SIGNATURE(S) _____   BUYER'S SIGNATURE(S) _____

IMPORTANT — PLEASE READ All information collected on a motor vehicle application is required by law and is used to identify
your motor vehicle. Failure to provide required information may result in denial of the requested action. Except for certain uses
permitted by federal and state laws, personal information contained in your application may not be disclosed to anyone without
your express consent. You may expressly consent to the disclosure of your information by writing to the following address

MINNESOTA DEPARTMENT OF PUBLIC SAFETY
DRIVER AND VEHICLE SERVICES DIVISION
445 MINNESOTA STREET, ST PAUL, MINNESOTA 55101
PHONE 651-297-2126    TTY 651-282-6555
mndriveinfo.org

PS2700-14

**KEEP IN A SAFE PLACE - ANY ALTERATION OR ERASURE VOIDS THIS TITLE**

---

### SELLER'S NOTICE OF SALE

When you sell this vehicle, you are responsible to file the information below with the Department of Public Safety **within 10 days**. Please file this information over the Internet at mndriveinfo.org or complete all information on this post card and submit by mail. This notice is not required if sold to a licensed dealer.
Minnesota Statute 168A.10

Title Number: M1640U144
Vehicle Identification Number: 1G1AK55F967745007

Date of Sale: _____

Purchaser's Driver License Number: _____

Purchaser's Full Name: _____   Purchaser's Date of Birth: _____

Street Address: _____

City _____   County _____   State _____   Zip Code _____

**PLEASE PRINT**

### MINNESOTA MOTOR VEHICLE REGISTRATION CARD

| YR | MK | MDL | |
|---|---|---|---|
| 06 | CHEV | 4D | BLS |

VIN: 1G1AK55F967745007

GROSS VEHICLE WEIGHT/BASE VALUE: 014490

PLATE #: RHT197    EXP: 12/31/06

STICKER #: F2909817    TAX: 207.00

RECORDED OWNER(S)
VAUL TRUST

PO BOX 8122
COCKEYSVILLE MD 21030-8122

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:    Chapter 7 Case

Richard M. Rollins,    Bky. No. 08-30004-DDO

Debtor(s).    Affidavit

I, C. Kost, of GMAC, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief.

1. GMAC leases to Debtor(s) the following (the "Collateral"):
   N06 CHEVCOBALT VIN/HIN: 1G1AK55F967745007.

2. $12,563.21  is the outstanding balance under the contract.

3. $673.73  is the amount of the existing delinquency under the contract.

4. $11,225.00  is the fair market value of the Collateral.

5. No  appropriate insurance has been verified.

Further your affiant sayeth not.

Dated: 1/30/2008

C. Kost
Bankruptcy Specialist
GMAC

Subscribed and sworn to before me on January 30, 2008

Notary

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Case No.  08-30004-DDO
Chapter 7

In Re:

Richard M. Rollins,

      Debtor.

**MEMORANDUM OF LAW**

**INTRODUCTION**

GMAC, has made a motion for relief from the automatic stay.  GMAC incorporates herein the facts set forth in the notice of hearing and motion for relief from stay.

There is one loan that is the subject of this motion secured by a security interest in a motor vehicle.  GMAC has been unable to verify current proof of insurance.  The debtor intends to voluntarily surrender possession of the vehicle to GMAC and GMAC seeks relief from the automatic stay to foreclose its personal property security interest. There is no equity in the vehicle.

**ARGUMENT**

Pursuant to Section 362(d)(1) of the Bankruptcy Code, relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such [creditor]."  11 U.S.C. Section 362(d)(1).  GMAC has otherwise not been provided with adequate protection of interest in the Vehicle or adequate assurance of future performance under the Lease.  Such failure constitutes cause, within the meaning of Section 362(d)(1), entitling GMAC to relief from the stay.  **United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd. (In re Timbers of Inwood Assoc., Ltd.)**, 484 U.S.

365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).  **In Re Reinbold v. Dewey County Bank**, 942 F. 2d 1304, 1306 (8th Cir. 1991)

Pursuant to Section 362(d)(2) of the Bankruptcy Code, relief from the stay is also appropriate where no equity exists and the property is not necessary to an effective reorganization.  **In re Albany Partners, Ltd.**, 749 F.2d 670 (11th Cir. 1984), **In re Anderson**, 913 F.2d 530,532 (8th Cir. 1990). Clearly, no appreciable equity exists in the Vehicle.

## CONCLUSION

For all the reasons set forth herein, GMAC is entitled to an order terminating the automatic stay of 11 U.S.C. § 362 and authorizing it to take possession of and terminate its lease regarding the Vehicle in accordance with Minnesota law.

DATED: February 8, 2008

RIEZMAN BERGER, P.C.

 /e/ **Marilyn J. Washburn**
Marilyn J. Washburn, #0324140
7700 Bonhomme Ave., 7th Floor
St. Louis, MO 63105
(314) 727-0101
FAX (314) 727-1086
Attorneys for GMAC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Case No. 08-30004-DDO
Chapter 7

In Re:

Richard M. Rollins,

       Debtor.

## UNSWORN DECLARATION FOR PROOF OF SERVICE

     Marilyn J. Washburn, an attorney licensed to practice law in this court, and employed by Riezman Berger, with an office address of 7700 Bonhomme Avenue, St. Louis, Missouri 63105, declares that on the date listed below, I served a **Notice of Hearing for Relief from Stay, Memorandum of Law** and **Proposed Order** upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with first class postage prepaid and depositing same in the post office at St. Louis, Missouri, addressed to each of them as follows:

(Debtor's Attorney)  
Perry A. Berg  
215 E. Elm Avenue, P.O. Box 249  
Waseca, MN 56093  

(Debtor)  
Richard M. Rollins  
422 Larch Ave.  
Owatonna, MN 55060  

(Chapter 13 Trustee)  
Michael S. Dietz  
505 Marquette Bldg.   P.O. Box 549  
Rochester, MN 55903  

Office of the U.S. Trustee  
300 South 4th Street, Room 1015  
Minneapolis, MN 55415  

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: February 8, 2008.

                                           Signed:  **/e/Marilyn J. Washburn**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

Case No. 08-30004-DDO
Chapter 7

In Re:

Richard M. Rollins,
       Debtor.

**ORDER**

The above entitled matter before the Court for hearing on _____, 2008, on the motion of GMAC, seeking relief from the automatic stay of 11 U.S.C. § 362(a). Appearances are as noted in the Court's record.

Based on the proceedings had on said date, the statement of counsel and all the files and records herein, the Court now find that cause exists entitling GMAC to relief from the automatic stay.

NOW, THEREFORE, **IT IS HEREBY ORDERED** that:

1. The automatic stay of 11 U.S.C. §362(a) is immediately terminated to GMAC and GMAC is authorized to terminate its Lease and take possession of the subject motor vehicle, a 2006 Chevrolet Cobalt, VIN: 1G1AK55F967745007.

2. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this Order is effective immediately.

DATED at Minneapolis, Minnesota, this _____ day of _____, 2008.

BY THE COURT:

_____
Dennis D. O'Brien
United States Bankruptcy Judge